## CHILDS *v.* LATHAM *et al.*

*(Supreme Court, General Term, First Department.*　April 18, 1890.)

JUDGMENT—PRIORITY—COLLUSION.

　In a contest between judgment creditors, as to who should profit by a decree setting aside the debtor's assignment, evidence as to what transpired between one of such creditors or his attorney and the debtors, tending to show a collusive understanding with regard to the judgment recovered by such creditor, is not objectionable, as involving an attack on such judgment.

Appeal from special term, New York county.

Action by Daniel B. Childs, receiver of the firm of C. M. Foster & Co., against Edward T. Latham, Jacob Wernberg, and others. From the judgment entered therein the defendants, other than Latham, appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Alexander Blumenstiel,* for appellants. *James Byrne,* for respondent Latham.

BARRETT, J.   This is a contest between judgment creditors of the firm of C. M. Foster & Co., as to who shall profit by a judgment setting aside that firm's assignment.   Latham filed the first complaint in equity for that purpose, but Wernberg & Co. moved more rapidly, and preceded Latham in securing the judgment setting aside the assignment.   Under the first judgment in equity, the plaintiff, Childs, was appointed receiver, and the fund in question was realized.   The plaintiff, as such receiver, brings this suit for the purpose of judicial instruction as to the order of distribution, and the defendants Latham and Wernberg have joined issue as between themselves.   Wernberg's contention is that Latham's suit was collusive, and that he (Latham) lay by, intending to take advantage of Wernberg's diligence, in case the assignment was set aside while looking to a preference of his claim in the assignment, in case of Wernberg's failure.   Evidence was taken upon these charges of collusion and culpable inaction, and the learned judge held that such evidence was insufficient to warrant findings favorable to Wernberg's contention.   He accordingly gave judgment in favor of Latham, awarding the fund to him as the judgment creditor earliest in point of time.   He also declined to make any allowance to Wernberg for the expenses attendant upon the litigation which had thus brought forth fruit for Latham.   We have examined the record carefully, and have arrived at the conclusion that a new trial must be granted, because of the rejection of evidence offered by Wernberg; and, as this evidence when admitted may change the result, we deem it both unnecessary and inappropriate to express a decided opinion upon the case as it now stands.   For the same reason, we will reserve our judgment upon the right of Wernberg, if unsuccessful upon the main issue, to compensation from the fund for his expenses and legal charges.   The error to which we refer arose upon the cross-examination of Latham's attorney.   We quote what transpired, as it appears in the record: "*Question.* Your firm were the attorneys of record, also, in that suit for the defendant Latham?   *Answer.* Yes, sir.   *Q.* Did you have charge of it?   *A.* Yes, sir.   *Q.* Had you any conversation with Mr. Foster at or about the time of the commencement of this suit with reference to obtaining this judgment for the debt?   (Objected to as immaterial.   Mr. Blumenstiel proposes to show that this judgment was obtained by collusion, and was part of the plan under which they started the bill in equity under which they never proceeded.   Objection sustained, the ruling of the court being that the judgment for the debt could not be attacked in this action.   Exception.)   *Q.* Was either one of the Fosters at your office at the time the complaint was prepared?   (Same objection.   Excluded.   Exception.   The court declines to allow the judgment for the debt to be attacked in this action.)"

The mistake here consisted in the supposition that the inquiry involved an attack upon the common-law judgment for the debt.   The cross-examining counsel explicitly stated his object.   What he proposed to show was directly within the issue.   His question, if followed up, tended to show collusion.   If the witness had been permitted to answer these questions, the inquiry could have been pursued on the lines of the counsel's offer, and direct evidence of collusion might have been obtained.   Another question, having the same direct tendency, was put to this witness shortly afterwards, and excluded.   This also was error.   What transpired between Latham and the debtors, or between Lathan's attorney and the debtors, tending in any wise to show a collusive arrangement or understanding with regard to the common-law judgment, or the return of the execution thereon, or the filing of the equity complaint thereafter, was plainly admissible.   The learned judge subsequently found the absence of collusion in the procurement of the common-law judgment, as well as in the institution of equity suit founded thereon, as matter of fact; and yet it is apparent that this finding was made without all the evidence being before the court which could have thrown light upon the subject,

such evidence having been excluded. For this error, we feel constrained to reverse the judgment appealed from, and to order a new trial, with costs to appellants to abide the event. All concur.